Enos N. Taft, as Assignee in Bankruptcy of George Riker, Appellant and Respondent, v. William McCarty Little, Individually and as Executor, etc., of Augusta McCarty Little, Deceased, Respondent and Appellant.

*Evidence — testimony given on a former trial by a witness since deceased — it is competent on a second trial, though the referee on the first trial died before the case was submitted to him — testimony of a defendant on a former trial read by the plaintiff — what other parts thereof the defendant may read — a complaint in another action by the plaintiff against a third person for the same claim is competent.*

Where a referee appointed to hear and determine an action dies after the case has been finally closed, but before it has been submitted to him for decision, and pending the trial before another referee one of the witnesses, who had been examined and cross-examined before the deceased referee, dies, the record of the testimony given by the deceased witness may, under section 830 of the Code of Civil Procedure, be read in evidence upon the new reference.

Where, upon the trial of an action, the plaintiff reads in evidence portions of the testimony given by the defendant on a former trial, the latter is entitled to read in evidence other portions of the testimony given by him upon the former trial which are explanatory of those read by the plaintiff, but not portions which are in the nature of independent declarations of the defendant in his own favor.

*It seems*, that the defendant in an action is entitled to introduce in evidence the complaint in a previous action brought by the plaintiff against a third party in which the plaintiff sought to enforce against the third party the same claim which he seeks to enforce against the defendant.

CROSS-APPEALS by the plaintiff, Enos N. Taft, as assignee in bankruptcy of George Riker, and by the defendant, William McCarty Little, individually and as executor, etc., of Augusta McCarty Little, · deceased, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 31st day of January, 1902, upon the report of a referee.

*Robert Thorne*, for the plaintiff.

*Alexander Thain*, for the defendant.

PATTERSON, J.:

This action was begun in January, 1884, to recover for extra work done and materials furnished in repairing and rebuilding premises known as "The Westmoreland," situate at the corner of Seventeenth street and Fourth avenue, in the city of New York, by George Riker, the assignor in bankruptcy of the plaintiff. The defendant Little and his mother, of whose will he is the executor, at the time the work was done and the materials furnished, were the owners of the property. There is enough proof in the case to show that they were both liable upon an employment of some one to do this work, such employment being made either directly by the defendant William McCarty Little, or through the architects, or the principal contractor. William McCarty Little testifies that his mother's interests were entirely in his charge, and that he authorized the architect to employ somebody to do the work. The question of fact was as to whether the employment was of Weeks, who was the principal contractor for altering the building, or of Riker, to do this extra work, which was not included in the contract with Weeks. Upon that subject the evidence is conflicting to some extent. The bill presented by Riker aggregated the sum of $5,069.69, but in his decision the referee disallowed every item of extra work done by Weeks, and every item of extra materials furnished by him, thus reducing the amount for which the defendants were held liable to $2,832.29. There was sufficient proof of each of the items included in the gross sum allowed by the referee. Judgment was entered on the report of the referee and both the plaintiff and the defendants appeal, the plaintiff claiming that the judgment should be enlarged by an allowance of other items

amounting to $1,005.40, and asking the court to increase the judgment to that amount, and the defendants appealing from the whole judgment.

The plaintiff's appeal cannot be sustained without ordering a new trial, and as in his brief he says he prefers to waive the appeal and accept the present judgment rather than have a new trial, he will be taken at his word, and his appeal dismissed.

The first substantial question requiring consideration arises out of the referee permitting to be read in evidence the testimony of D. C. Weeks, the original contractor, who is now deceased, given by him on a previous trial of the action before Mr. Rodman, referee, who died before the case was submitted to him for decision. On that trial Mr. Weeks gave evidence tending to show that the extra work claimed by the plaintiff was done by Riker, and that the items of the work so done were not ordered by him (Weeks), and that he was present when the work included in Riker's bill was ordered either by Mr. Little himself or by the architects. This evidence of Weeks given on the trial before Mr. Rodman, referee, was read from the record of that trial, the plaintiff claiming the right to do so under section 830 of the Code of Civil Procedure. The ruling of the referee in admitting it is now challenged on the ground that there never was a trial before Mr. Rodman, as referee, inasmuch as he died before the submission of the cause. This ground is not tenable. The witness had been examined by the plaintiff and cross-examined by the defendant, and the defendant had proceeded with his own case and rested. The testimony was taken in the investigation of an issue of fact by a competent court, and so far as the defendant is concerned it would appear that the examination of the witness was exhausted. That was a trial within the meaning of section 830 of the Code of Civil Procedure. It might just as well be said that there never has been a trial of a cause where a jury has disagreed. The purpose of section 830 of the Code was to enable resort to be had to the testimony of a deceased witness, where that testimony was given under all the formalities and solemnities of a regular judicial proceeding in court and where the witness has been examined and cross-examined and his testimony fully completed. In this connection it may be said that the referee did not err in excluding letters from the plaintiff's attorney which the appellant

now claims tended to show that the case remained open at the time of the death of the referee. Those letters merely indicated a desire on the part of the plaintiff to recall Mr. Weeks, but he was not recalled, and it is admitted that the case had been finally closed before the referee.

There is an intimation in *Beals* v. *Guernsey* (8 Johns. 446) that under the former practice the better opinion seemed to be that testimony of a witness at the trial who had since died could not be introduced on a retrial unless it was accompanied by the *postea* or by the record of the former suit. That case does not seem to have been followed in recent times. *Morley* v. *Castor* (63 App. Div. 40) does not affect this case. There the witness whose testimony on the former trial was sought to be resorted to had not been cross-examined. The trial was interrupted to enable the defendant to apply for an amendment of his answer, and the further examination of the witness was suspended in consequence, and it was held, therefore, that the cross-examination was rendered incomplete by no fault of the other party.

It is further claimed on the present trial that the referee erred in refusing to permit the defendant Little to read on his own behalf portions of his testimony given on the former reference, the plaintiff having read a part of that testimony. Little had been examined before Mr. Rodman, and on the trial of the present action the plaintiff undertook to show by the record of that testimony on the former hearing admissions of Little against interest. After the plaintiff had introduced as much of the defendant's testimony as he desired, the defendant's counsel offered to read other parts of his testimony which the referee declined to permit. If those other parts of the testimony of Little given on the former hearing before Rodman, referee, were explanatory of those portions read by the plaintiff, then it was manifestly error to exclude what the defendant offered. (*Suffolk County* v. *Shaw*, 21 App. Div. 146; *Matter of Chamberlain*, 140 N. Y. 391.) But the difficulty with the defendant's case now is that the record does not in any way show that those parts of the examination of Mr. Little before Mr. Rodman, referee, sought to be introduced by the defendant were explanatory of the portions read in evidence by the plaintiff. So far as we can judge by the questions themselves, the answers would not have been

explanatory, but would have been in the nature of independent declarations of the witness in his own favor upon an affirmative defense, and as such they were not admissible, although contained in the same record from which the plaintiff read. (*Matter of Chamberlain, supra.*) In preparing the case the defendant should have inserted those answers in the same way as exhibits marked for identification are brought before the court, so that their sufficiency and admissibility may be passed upon in review of rulings of the trial court excluding them.

We do not think there was error in permitting Riker to testify from a paper made many years ago. It is obvious that that record was referred to to refresh his recollection of items which, from the lapse of time in his advanced age, he could not recall otherwise than by referring to that memorandum.

It was claimed by the defendants that Riker, the plaintiff's assignor, had in fact no claim against the defendants, but that whatever claim existed for this extra work and materials was one which he had asserted and urged against Weeks. To support that view the defendants offered in evidence the complaint in an action brought by Riker against Weeks for the extra work and materials involved in the present action. That complaint was excluded, and we think erroneously, but the error was harmless, for there came into evidence on the trial of this action every fact that would show the inconsistency of Riker's attitude with respect to the persons liable to him, including the suit against Weeks and the nature of the claim therein. That inconsistency was sufficiently explained to the satisfaction of the referee, and we are not disposed to differ with him in his view of that subject.

The judgment should be affirmed, with costs to the plaintiff.

VAN BRUNT, P. J., HATCH and LAUGHLIN, JJ., concurred; INGRAHAM, J., concurred in result.

Judgment affirmed, with costs to plaintiff.