WALTERS, Appellant, vs. EAKINS and another, Respondents.

*October 21—November 16, 1920.*

*Appeal: Order setting aside stipulation.*

Under sec. 3069, Stats., an order setting aside a stipulation is not appealable.

APPEAL from an order of the circuit court for Juneau county: JAMES O'NEILL, Circuit Judge. *Dismissed.*

Replevin. This suit was begun to recover possession of a Fordson tractor. The defendants claimed to be holding the same as security for the amount of $102.17 repairs. The controversy between the parties was as to whether or not the plaintiff had properly oiled the tractor during the period of its operation. After the case had been brought to trial the parties entered into a stipulation by the terms of which a settlement was agreed upon, the liability of the respective parties to be determined by test as to how much oil it would require to fill the engine case to a point where the oil would drip from the lower pet-cock. The defendants claimed that it would require more than three quarts. The test was made and decided in favor of the claim of the plaintiff. Thereupon the defendants moved the court, upon a proper showing, to have the stipulation set aside. The court, after hearing, set aside the stipulation, and from the order setting aside the stipulation the plaintiff appeals.

For the appellant there was a brief by *Clinton G. Price* of Mauston, attorney, and *James H. Hill* of Baraboo, of counsel; and the cause was argued orally by *Mr. Price.*

For the respondents there was a brief by *McFarlane & Loomis* of Mauston, and oral argument by *J. A. McFarlane.*

ROSENBERRY, J. Although the question is not raised in briefs of counsel, we cannot take jurisdiction of this matter unless the order appealed from is in fact an appealable order. We find no provision of the statutes, sec. 3069,

authorizing an appeal from an order setting aside a stipula-
tion.   The order does not prevent a judgment from which
an appeal may be taken, neither is it a final order.   It does
not grant or refuse a provisional remedy, nor does it vacate
or refuse to set aside an order made at chambers, nor does
it grant a new trial.   Inasmuch as there must be a new trial,
we refrain from any statement or discussion of the facts.

*By the Court.*—The appeal to this court is dismissed.