SOUTHERN COLONIZATION COMPANY, Appellant, vs. HOWARD COLE & COMPANY, INC., Respondent.

*December 11, 1924—January 13, 1925.*

*Stipulations: Nature: When motion for new trial lies: First trial suspended: Order permitting trial subsequently: Appealability.*

1. A stipulation is a contract made in the course of judicial proceedings and has certain incidents not belonging to contracts made outside of such proceedings. Stipulations are of two classes: those relating merely to procedural matters, and those which have all the essential characteristics of a mutual contract. p. 476.

2. A motion for a new trial cannot be entertained until after a verdict of the jury or final determination by a court or a referee. p. 476.

3. Where the trial was suspended by a stipulation and the jury discharged, an order setting aside the stipulation,. pursuant to sec. 2832, Stats., and providing that "a new trial . . . on the merits is granted," is not appealable under sub. (3), sec. 3069, the language of the court containing an inaccurate but common use of the term "new trial." p. 476.
   OWEN, J., dissents.

APPEAL from an order of the circuit court for St. Croix county: GEORGE THOMPSON, Circuit Judge. *Dismissed.*

This action was brought by the plaintiff to recover damages in the sum of $80,000 for fraud and deceit in the sale of certain lands in Louisiana by the defendant to the plaintiff. After the trial had been in progress one day, negotiations were begun for a settlement of the matters in controversy. After many hours of conference a settlement was agreed upon, the agreement being reduced to writing as follows:

"State of Wisconsin—Circuit Court for St. Croix County.

"*Southern Colonization Company,* Plaintiff, *vs. Howard Cole & Company, Incorporated,* Defendant.

"It is stipulated by and between the parties to the above entitled action, represented by their respective attorneys, George S. Grimes and Spencer Haven appearing for the plaintiff, and Jeffris, Mouat, Oestreich, Avery & Wood appearing for the defendant, that all matters in difference between the parties to the above entitled action are settled, compromised, and adjusted in full, upon the following terms: That the defendant will convey by warranty deed free and clear of all incumbrances, within thirty days from date hereof, to a person to be named by counsel for plaintiff within ten days from date hereof, the following described real estate, to wit: Section 35 in township 31 of range 33 east, sections 1, 2, 3, 10, 11, 12, 13, 14, 23, and the north half of section 24 of township 32, range 33 east, and sections 7 and 17 of township 32, range 34 east, all south and east of the Tallahassee meridian, in the county of Osceola in the state of Florida.

"It is further stipulated that W. M. Murphy and Frederick G. Potter make a claim against P. A. Vans Agnew for an unsatisfied balance as a deficiency on the foreclosure of a mortgage upon lands in Avoyelles Parish, in the state of Louisiana, which are involved in the above entitled action, and that said W. M. Murphy and the above named defendant will release, satisfy, and discharge said P. A. Vans Agnew and the above named plaintiff from all obligations upon said deficiency obligation and liabilities thereon and

hold them harmless therefrom, said W. M. Murphy being present at the time this stipulation is made in open court and consenting thereto.

"It is further stipulated that upon the performance of the above and foregoing stipulation an order may be entered in this action dismissing the same upon the merits without costs to either party.

"In the event of the failure of the defendant herein to carry out this stipulation within the time stipulated, and the default of said defendant continuing for a period of ninety days thereafter, then and in that event judgment may be entered in this action for the recovery by plaintiff from the defendant of the sum of $20,000 together with costs of this action.

"It is further stipulated that a written document of release executed by W. M. Murphy, on behalf of himself, and Howard Cole, on behalf of said Frederick G. Potter, and an agreement on the part of *Howard Cole & Company, Incorporated,* holding the said P. A. Vans Agnew and the plaintiff harmless from all obligations and liability for the deficiency mentioned in this stipulation, shall be a sufficient performance thereof.

"Dated at Hudson, Wis., this 8th day of May, 1923.

"GEORGE S. GRIMES,

"SPENCER HAVEN,

"Attorneys for Plaintiff.

"JEFFRIS, MOUAT, OESTREICH, AVERY & WOOD,

"VARNUM & KIRK,

"Attorneys for Defendant.

"W. M. MURPHY,

"HOWARD COLE COMPANY, Incorporated,

"By Howard Cole, Prest.

"SOUTHERN COLONIZATION COMPANY,

"By W. S. DWINNELL.

"F. B. LYNCH.

"It is hereby stipulated and agreed that in consideration of the above and foregoing settlement, the undersigned agree to fully indemnify, protect, and save harmless said *Howard Cole & Co., Inc.,* from any suit or proceeding by any person to recover damages by reason of the claim or cause of action set forth in the complaint herein or any liability or expenses arising out of the same. Provided, that

in case of the commencement of any such claim or proceed-
ing, said *Howard Cole & Co., Inc.,* shall promptly notify
the undersigned of the commencement thereof and defend
said action in good faith.                    JOHN LIND,
                                   "W. S. DWINNELL,
                                   "F. B. LYNCH,
                                   "GEO. S. GRIMES."

Upon the filing of the stipulation the trial of the cause was
discontinued and the jury discharged.    Pursuant to the
terms of the stipulation and within ten days thereafter, the
plaintiff designated George S. Grimes as the person to whom
the lands described in the settlement should be conveyed.
On June 4, 1923, twenty-seven days after the stipulation
was entered into, the defendant moved the court for an or-
der vacating and setting aside the stipulation of settlement
on the ground that the defendant and its officers had been
enjoined by the circuit court of Duval county, Florida, from
making the conveyance of the lands described in the settle-
ment.    The motion of the defendant was continued to July
31, 1923.    From the motion papers it appears that within
two weeks after the stipulation of settlement was made an
action was commenced in the circuit court of Duval county,
Florida, by Peter Digman, as ancillary receiver of the
*Southern Colonization Company,* against *Howard Cole &
Company* and Howard Cole, to restrain and enjoin them
from carrying out the agreement of settlement, and service
of a temporary injunction was made upon *Howard Cole &
Company* and Howard Cole on May 22, 1923.    It also ap-
pears that John Lind and his associates were called upon to
defend the suit begun by the Florida receiver; that they
thereafter procured a dismissal of that suit and a dissolution
of the temporary injunction restraining *Howard Cole &
Company* from carrying out its agreement of settlement in
the Wisconsin suit, and secured a discharge of the ancillary
receiver at an expense of upwards of $1,500, and that they
also procured a winding up of the receivership proceedings

in Minnesota and a discharge of the Minnesota receiver of the *Southern Colonization Company.* Thereupon the defendant filed affidavits and asked to have the stipulation set aside on the ground that it was entered into by mistake, in that it supposed that it owned the lands described in the agreement, whereas in fact it did not own all but only part of these lands, and therefore could not carry out its contract to convey the lands. The hearing upon this motion was continued until December 1, 1923. In the meantime and on September 25, 1923, the plaintiff moved, having first made it appear to the court that the defendant had not complied with the stipulation, that judgment be entered against the defendant for $20,000 and costs, in accordance with the terms of the stipulation. Both motions were thereafter continued and on December 1, 1923, were submitted to the court. On February 16, 1924, the court entered the following order:

"It is ordered: That subject to the conditions hereinafter stated the stipulation for settlement of this action made, entered into, and filed herein on the 8th day of May, 1923, be and the same is hereby set aside and a new trial of this action on the merits and on the issues as framed by the pleadings herein is hereby granted upon payment by the defendant to the plaintiff or its attorneys the sum of $750 for costs and terms on defendant's motions hereby granted, unless within twenty days after service of this order the plaintiff shall serve upon defendant's attorneys, and file with the clerk of this court, its election and consent to accept of one of the two offers of the defendant hereinbefore mentioned, to wit:

"1. Defendant offers to convey all of the lands described in said stipulation of May 8th, except said sections 7 and 17, and to pay in lieu of said two sections the sum of $3,200 in cash.

"2. Defendant offers to convey all of the lands described in said stipulation of May 8th except said sections 7 and 17, and in lieu of said two sections to convey the three sections hereinbefore more particularly referred to, or any two sec-

tions to be selected by plaintiff from the lands described in the affidavits and offer of the defendant to the plaintiff, which said affidavits and offer are part of the motion papers upon which this order is based.

"It is further ordered: That in the event of the failure of the plaintiff to serve and file its acceptance of one of said offers, referred to and numbered 1 and 2 last above, within twenty days after service on its attorneys of a copy of this order, then said stipulation of May 8, 1923, shall be and is hereby set aside and a new trial of this action on the merits and upon the issues as framed by the pleadings herein, is hereby granted on payment to the plaintiff's attorneys by the defendant, or in lieu thereof depositing in court for the use of the plaintiff of $750 costs within five days after said twenty days shall have expired. The said sum of $750 costs is fixed by the court pursuant to verbal stipulation made by the parties in open court on December 1, 1923.

"And it is further ordered that in the event of the failure of the defendant to pay or to deposit said $750 within said five days, then the plaintiff on the filing of due proof of such failure shall have judgment against the defendant for the sum of $20,000 together with its taxable costs and disbursements in this action.

"And it is further ordered: That in the event the plaintiff serves and files its acceptance of either of defendant's offers numbered 1 and 2 above, then the defendant shall, within thirty days after service of notice of such acceptance, carry out and perform the terms and provisions of such offer and acceptance, and in the event of the failure of said defendant to so carry out and perform the same within said time, the plaintiff shall, on due proof of such failure, have judgment against the defendant for $20,000 and the taxable costs and disbursements of this action.

"Dated February 16, 1924.

"By the Court:        GEORGE THOMPSON, Judge.

"NOTE: Briefly stated, I am granting this relief under sec. 2832 of the Statutes and solely because I believe that upon the showing made it would be an abuse of discretion not to grant it. If I am wrong in my conclusion that it would be an abuse of discretion not to grant the relief, then the order granting the relief ought to be reversed and plaint-

iff allowed to take judgment for $20,000 as provided by the settlement stipulation on file, such settlement, in my opinion, being entirely fair and just to both sides.

"GEORGE THOMPSON, Judge."

The plaintiff failed to serve or file its acceptance of the offers referred to in the order of the court and appeals from the order setting aside the stipulation.

*Spencer Haven,* attorney, and *George S. Grimes,* of counsel, both of Hudson, for the appellant.

For the respondent there was a brief by *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville and *Varnum & Kirk* of Hudson, and oral argument by *Otto A. Oestreich* and *N. O. Varnum.*

ROSENBERRY, J.    Sec. 2832, Stats., pursuant to the terms of which the trial court acted, provides that—

"The court or a judge may likewise in discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him, through his mistake, inadvertence, surprise or excusable neglect."

On behalf of the plaintiff it is contended (1) that the writing in question is not a mere stipulation but a binding contract, and that therefore the court had no power to set it aside under the provisions of sec. 2832; (2) that if the court had power, there is no equitable ground for the exercise of that power by the court in this case; and (3) that the court could not set aside the writing in the absence of other parties to the agreement not parties to the action.

The defendant contends that the order setting aside the stipulation is not an appealable order and that the case is ruled by *Walters v. Eakins,* 172 Wis. 626, 179 N. W. 781. Upon this proposition the plaintiff contends that the agreement in this case was not a mere stipulation but a binding contract, and that the order in effect grants a new trial and

is therefore appealable under sub. (3) of sec. 3069, which authorizes an appeal from an order granting a new trial.

The nature of stipulations and their effect have been considered in *Illinois S. Co. v. Warras,* 141 Wis. 119, 123 N. W. 656, and in cases there cited. A stipulation is a contract, but it is a contract made in the course of judicial proceedings, and a contract so made has certain incidents that do not belong to contracts made outside of judicial proceedings. In *Illinois S. Co. v. Warras, supra,* it was held that stipulations were of two classes: first, those relating to merely procedural matters, and second, those which have all the essential characteristics of a mutual contract. The stipulation in this case is no doubt of the second class. It is an agreement between the parties that upon the doing of certain things judgment shall be entered for or against one or the other of the parties in accordance with the facts as they may be made to appear at a future time. If the defendant performed its contract to convey, then judgment was to be entered dismissing the action. If the defendant failed to perform its contract to convey, then judgment was to be entered for the plaintiff for damages in the sum of $20,000. There had been no trial of the action. Sec. 2842 provides: "A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact." It is universally held that a motion for a new trial cannot be entertained until after a verdict of the jury or final determination by a court or a referee. See 2 Bl. Comm. 387; 20 Ruling Case Law, 217; cases cited under "New Trial," 5 Words and Phrases.

The court having made no examination of the issues, but the trial having been suspended by a stipulation of the parties and the jury discharged, there has been no trial, the trial having in fact been abandoned. Upon that state of the record there could be no motion for a new trial; and while the language of the order is that "the stipulation is set aside

and a new trial of this action on the merits is granted," this
is an inaccurate but common use of the term "new trial."
There is certainly nothing to indicate that it was used in
sec. 3069 as applicable to any such situation as presented by
the facts in this case.   While the matter was not dealt with
at length, it was distinctly ruled in *Walters v. Eakins, supra,*
that an order setting aside a stipulation for a judgment did
not grant a new trial.   While the question was not there
fully presented or argued, a re-examination of the authori-
ties fully sustains the proposition there stated.

The order not being an appealable order, the case is not
before us upon the merits and the appeal must be dismissed.

*By the Court.*—It is so ordered.


OWEN, J. (*dissenting*).   A narrow and technical con-
struction of a statute has been indulged to work a result that
is in striking contrast with recent legislative and judicial
policy to broaden and rationalize procedure to the end that
a consideration of the merits of the case shall not be delayed
out of regard for technical considerations.   I have no fault
to find with the general definition of the term "trial" con-
tained in the opinion.   I do feel, however, that the applica-
tion of that general definition to the term "new trial" in
sub. (3) of sec. 3069, Stats., is utterly inconsistent with ap-
parent legislative purpose and imposes upon the parties to
this action an unwarranted hardship which brings judicial
procedure into most deserved disrepute.

In this action a trial was begun.   If it had resulted in a
verdict of a jury the action of the court in setting aside
that verdict and granting a new trial would have been appeal-
able.   While it did not result in a verdict of a jury, it did
result in a stipulation upon which the court was just as fully
authorized to grant judgment as it would have been upon a
verdict of a jury.   The court sets aside that stipulation and
orders a new trial.   The only question involved in the case

is whether the court was justified in setting aside that stipulation. Under the decision, that question cannot be decided by this court until after another trial.

The reason prompting the legislature to authorize an appeal from an order granting a new trial is exactly the same in this case that it would have been had the order of the court set aside the verdict of a jury. It is to prevent the burdens, delays, and expense incident to a new trial when an appeal from the order granting the new trial may result in a settlement of the entire controversy.

A cursory investigation reveals that the term "trial" or "new trial" is not always accorded a hard-and-fast meaning when the same is found in statutes. Thus in *Gilroy v. Badger*, 28 Misc. 143, 58 N. Y. Supp. 1106, it appeared that a case was placed on the short-cause calendar, and, after the trial had proceeded for an hour without being concluded, was sent back to the general calendar and tried in regular course. It was held that there were two trials of the case within the meaning of a statute relating to costs.

In *Taft v. Little*, 78 App. Div. 74, 79 N. Y. Supp. 507, a witness testified in a hearing before a referee. The referee died before submission of the cause. Prior to another trial before another referee the witness died. It was held that the hearing before the first referee constituted a trial within the meaning of a statute providing that where a witness has died since the trial of an action his testimony may be given in evidence at a new trial.

In *State v. Gardner*, 8 Ind. App. 440, 35 N. E. 915, it appeared that the defendant in a criminal prosecution pleaded not guilty, but consented to a finding of guilty on the part of the court without any evidence having been offered against him. It was held that this constituted a trial within the meaning of a statute relating to appeals.

It will be seen that in these cases the general definition of the term "trial" was ignored to give effect to an apparent legislative purpose. A similar construction might well be

indulged here to carry out what seems to me to be a plain legislative intent, to accomplish justice and to avoid inevitable reproach to judicial procedure.

I think the decision in *Walters v. Eakins,* 172 Wis. 626, 179 N. W. 781, was ill-advised and that the court might well embrace this opportunity to lay down a rule in keeping with the much vaunted policy of this state with reference to judicial procedure.

I therefore dissent.