THAYER, Respondent, vs. FEDERAL LIFE INSURANCE COMPANY, Appellant.

*January 10—February 5, 1935.*

The cause was submitted for the appellant on the brief of *Ray C. Dempsey* of Oshkosh, and for the respondent on that of *O'Melia & Kaye* of Rhinelander.

ROSENBERRY, C. J. While the motion for a new trial was pending, the appeal from the original judgment was dismissed, so that the only question now before the court is the order denying the motion for a new trial. At the com-

mencement of the trial in circuit court, a stipulation in open court was made. (See margin.[1])

The company in the policy agreed to pay for loss of life—

"sustained by the wrecking or disablement of any vehicle or car operated by any private carrier or private person in which the Insured is riding or by being accidentally thrown therefrom."

The motion for a new trial was supported by certain affidavits from which it is claimed that the defendant would be able to produce testimony upon another trial to the effect that the facts stipulated on the first trial were not in accordance with the truth in that the stipulation did not correctly state the facts as to the manner in which William Thayer received his injuries. The trial court denied the motion for a new trial upon the ground that under sec. 269.46 the defendant

---

[1] "It was thereupon stipulated in open court that the following findings of fact may be made by the court:

"1. That on the 4th day of March, 1925, the defendant company issued its policy of insurance, No. W. G. N. 231891, to one William W. Thayer, which policy was thereafter annually renewed by the payment of the required premium of one dollar, and was in force and effect on the 1st day of August, 1932, and that said policy has been marked as 'Exhibit 1,' and received in evidence, and is on file and made a part of these findings by way of reference.

"2. That if the plaintiff is entitled to recover it shall be in the sum of $3,000, under the provisions of Part 2 of said policy.

"3. That the plaintiff is the widow, and the beneficiary under said policy.

"4. That on the 29th day of July, 1932, the insured, William W. Thayer, with an employee, drove a wagon containing a hay rack and drawn by two horses, on to a hay field, where he and said employee proceeded to load said wagon with hay, after which the insured and said employee got upon said load of hay and were about to leave the field when the horses became suddenly frightened and started to run, and that as a result of said sudden start the insured was accidentally thrown from said vehicle to the ground, where the wheels of the vehicle passed over him, inflicting fatal injuries, resulting in his death on the 1st day of August, 1932.

"5. That the death of said insured was caused solely as a result of the injuries so received.

"6. That thereafter the beneficiary made proper proofs of loss.

"The making of conclusions of law upon these facts, is submitted to the court."

could not be relieved of the stipulation into which it entered. That section reads:

"The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a . . . stipulation . . . through his mistake, inadvertence, surprise or excusable neglect. . . ."

The court was of the view that if the motion to vacate the judgment and grant a new trial was granted, the new trial would of necessity be upon the stipulated facts from which the defendant had not asked to be relieved within the statutory period, and for that reason the granting of the motion would be useless formality. The court further expressed the opinion that in view of the manner in which two of the affidavits of one of the witnesses were obtained, the court would not, if it were empowered to do so, in the exercise of its discretion, grant a new trial.

Stipulations are of two kinds: First, some are mere admissions of fact, simply relieving a party from the inconvenience of making proof. See *Paine v. Chicago & N. W. R. Co., post,* p. 601, 258 N. W. 846. The setting aside thereof may place the parties in no worse position than they were when the stipulation was made. Second, those which have all the characteristics as concessions of some rights as a consideration for those secured. *Illinois Steel Co. v. Warras,* 141 Wis. 119, 123 N. W. 656. Stipulations of the second class are entitled to all the sanctity of an ordinary contract, and it was held in the case cited that where the *status quo* cannot be re-established as to one of the parties, it is only in a plain case of fraud, mistake, or oppression that the court should set it aside. The court said:

"Especially impregnable is such a contract when the one party thereto has received and enjoyed the fruits thereof, and the other, on the faith of it, has so changed his situation that he will be seriously and irremediably prejudiced."

Undoubtedly the stipulation in this case was one of the second class. It was more than a stipulation made at the

trial for the convenience of parties. It was in fact an agreed case. *Volker-Scowcroft Lumber Co. v. Vance*, 36 Utah, 348, 103 Pac. 970, 24 L. R. A. (N. S.) 321, at 326. Such a stipulation is conclusive unless it be set aside. 25 R. C. L. p. 1106, § 13. See *Southern C. Co. v. Howard Cole & Co.* 185 Wis. 469, 201 N. W. 817. The stipulation being controlling not only as to facts stated but as to what findings of fact the court might enter, no useful purpose could be served by retrial because under the stipulation the facts found would be the same as upon the first trial.

Defendant contends that under sec. 270.50, which provides that—

"a motion for a new trial . . . upon newly discovered evidence may be heard. . . . Such a motion may be made at any time within one year from the verdict or finding,"

controls the situation in this case rather than sec. 269.46, Stats. 1931, which was then in force. However the situation may be with respect to the application of the two sections, the trial court denied the motion for a new trial because the time within which the court should relieve the defendant from the stipulation under sec. 269.46 had expired. A party to a stipulation has notice of the stipulation when it is made. The stipulation as to findings of fact was made on March 7, 1933. Notice of motion to vacate the judgment and for a new trial was not noticed until March 10, 1934, and came on for hearing on March 20, 1934, so that had the trial court set aside the judgment and granted a new trial, it would have been a new trial upon the stipulation which would have been futile as the trial court properly held.

*By the Court.*—Order affirmed.