STATE, Plaintiff-Appellant, v. CRAFT, Defendant-Respondent.†

Court of Appeals

*No. 79–512–CR. Submitted on briefs October 12, 1979.— Decided November 15, 1979.*
(Also reported in 286 N.W.2d 619.)

† Petition to review granted.

For the plaintiff-appellant the cause was submitted on the brief of *E. Michael McCann,* district attorney, and *Jeffrey A. Kremers,* assistant district attorney, for Milwaukee County.

For the defendant-respondent the cause was submitted on the brief of *Rudolph Becker* of Milwaukee.

Before Decker, C.J., Moser, P.J. and Cannon, J.

CANNON, J.  The state has appealed from an order entered on April 4, 1979, granting the defendant's motion to suppress the results of a polygraph examination. This court earlier granted a motion by the state for a stay of proceedings in the trial court pending our determination in this matter, pursuant to sec. 808.07 and sec. 809.12, Stats.

On December 5, 1978, the prosecutor and the defendant in this case signed a stipulation to the effect that the results of a polygraph examination to be taken on December 7, 1978, would be admissible in evidence at trial. This stipulation was signed before the defendant was arrested, and before he was represented by counsel. The record is not clear as to whether defendant was in custody. It appears from the record that the defendant was arrested and charged with having sexual contact with a child 12 years or younger contrary to sec. 940.225 (1) (d), Stats., after the polygraph was administered on December 7, 1978.

The state sought to introduce the results of the examination into evidence at trial. Defense counsel moved to suppress on the grounds the polygraph was administered

while defendant was without benefit of counsel, while he was under psychological and emotional stress, and that he did not knowingly or voluntarily waive the presence of counsel or understand the procedure or the nature of the polygraph. The trial court granted the motion.

The issue before this court is whether the results of a polygraph examination are admissible at trial when a stipulation pursuant to *State v. Stanislawski,* 62 Wis.2d 730, 742, 216 N.W.2d 8, 14 (1974) is signed by a prosecutor and a suspect who is unrepresented by counsel. The state argues that the stipulation is valid because the defendant voluntarily and intelligently waived his right to counsel.

On appeal, the findings of fact of the trial court as to the granting or denying of a motion to suppress evidence will be sustained unless they are against the great weight and clear preponderance of the evidence. *State v. Waste Management of Wisconsin, Inc.,* 81 Wis.2d 555, 570, 261 N.W.2d 147, 153 (1978).

*Stanislawski, supra* is the leading case in Wisconsin regarding the admissibility at trial of expert testimony based on polygraph testing. Judicial skepticism regarding the reliability of polygraph evidence and the concern of the Wisconsin Supreme Court over the potential abuses of unconditional admissibility of such evidence led the court to establish stringent preconditions to the admission of polygraph testimony:

(1) That the district attorney, defendant and his counsel all sign a written stipulation providing for defendant's submission to the test and for the subsequent admission at trial of the graphs, and the examiner's opinion thereon on behalf of either defendant or the state.

(2) That notwithstanding the stipulation the admissibility of the test results is subject to the discretion of the trial court, *i.e.,* if the trial judge is not convinced

that the examiner is qualified or that the test was conducted under proper conditions he may refuse to accept such evidence.

(3) That if the graphs and examiner's opinion are offered in evidence the opposing party shall have the right to cross-examine the examiner respecting:

(a) the examiner's qualifications and training;

(b) the conditions under which the test was administered;

(c) the limitations of and possibilities for error in the technique of polygraphic interrogation; and

(d) at the discretion of the trial court, any other matters deemed pertinent to the inquiry.

(4) That if such evidence is admitted the trial judge should instruct the jury that the examiner's testimony does not tend to prove or disprove any element of the crime with which a defendant is charged but at most tends only to indicate whether at the time of the examination defendant was telling the truth. Further, the jury members should be instructed that it is for them to determine what corroborative weight and effect such testimony should be given. [Footnotes omitted.] *Stanislawski, supra* at 742–3, 216 N.W.2d at 14.

*Stanislawski* then is clear in its admonition that all parties, the defendant, the defendant's counsel and the prosecutor, must sign the stipulation regarding the admissibility of polygraph evidence at trial. Since that decision, the Wisconsin Supreme Court has continued to strictly construe these provisions. In *Hemauer v. State,* 64 Wis.2d 62, 75–6, 218 N.W.2d 342, 348 (1974), the Wisconsin Supreme Court held it was proper to exclude from evidence an offer by the defendant to submit to a polygraph test, where the test results, if a test had been given, would not be admissible because the conditions of *Stanislawski* had not been met. In *Turner v. State,* 76 Wis.2d 1, 25, 250 N.W.2d 706, 718 (1977), the court again held it proper to exclude results of a polygraph test, because there was no compliance with the condition requiring the signatures of the prosecutor, the defendant and the defendant's attorney on a stipulation. *See also,*

*Gaddis v. State,* 63 Wis.2d 120, 216 N.W.2d 527 (1974); *State ex rel. Harris v. Schmidt,* 69 Wis.2d 668, 230 N.W. 2d 890 (1975); *Zelenka v. State,* 83 Wis.2d 601, 266 N.W.2d 279 (1978); and *Lhost v. State,* 85 Wis.2d 620, 271 N.W.2d 121 (1978), where the Wisconsin Supreme Court in each case refused to adopt a "no stipulation" rule and steadfastly held to its position in conditioning polygraph admissibility upon a prior stipulation.

This court is of the opinion that polygraph evidence is still so unreliable as to be inadmissible without a stipulation that strictly conforms to the *Stanislawski* guidelines. The limitations of the polygraph procedure, and the subjectivity of the interpretation of the results require safeguards which ensure a defendant's informed consent to the procedure. Counsel's signature on the stipulation is necessary if courts are to be certain that a defendant has been appraised of all the ramifications of a polygraph before submission to the procedure. Our decision is not altered by the fact that in this case defendant was merely a suspect when he signed the stipulation.

The problems inherent in polygraph analysis were discussed in *State v. Mendoza,* 80 Wis.2d 122, 161, 258 N.W. 2d 260, 277 (1977): "In stipulating to the admissibility of a particular examiner's opinion, the parties are stipulating at least to the basic qualifications of the examiner." In *McLemore v. State,* 87 Wis.2d 739, 751, 275 N.W.2d 692, 697 (1979), the court noted:

The subjectivity of the interpretation of the charts by the examiner was demonstrated in this case by the testimony of Mr. Anderson himself. He was asked:
*Question:* "Is it possible for two polygraph examiner[s] polygraphists, giving two different polygraph tests to the same subject could reach different conclusions?"
*Answer:* "Yes, that's correct."
Again, Mr. Anderson was asked:
*Question:* "Would you term polygraphy as science?"

*Answer:* "It's a science and art."

*Question:* "What do you mean by art?"

*Answer:* "The scientific portion of polygraphy is the instrumentation, the art portion is the examiner."

The search for truth is too important to be left to an "artist" based on the state of the "art" as it presently exists.

Given the above, we feel that a defendant or suspect must be represented, and his counsel must join with the defendant and the prosecutor in signing the stipulation for admission of polygraph testimony into evidence at a subsequent trial. This will ensure an intelligent decision on the part of an individual confronted with a decision requiring knowledge of facts not within the realm of ordinary experience.

We must also reject the state's argument that the polygraph evidence should be admitted here because the defendant made a knowing and voluntary waiver of counsel before signing the stipulation. The Wisconsin Supreme Court in *Spencer v. State,* 85 Wis.2d 565, 571, 271 N.W.2d 25, 28–9 (1978) noted:

A person may waive the right to counsel, but the waiver must be made intelligently, knowingly, and voluntarily. Courts indulge in every reasonable presumption against waiver of the right to counsel. *Johnson v. Zerbst,* 304 U.S. 458, 464–5 (1938); *Hall v. State,* 63 Wis.2d 304, 314, 217 N.W.2d 352, [356] (1974); *Browne v. State,* 24 Wis.2d 491, 511a, 129 N.W.2d 175, [184–5], 131 N.W.2d 169 (1964), *cert. denied* 379 U.S. 1004 (1965), *rehearing denied* 380 U.S. 959 (1965). Waiver is not presumed from a silent record; the record must disclose unequivocal, express waiver. *Carnley v. Cochran,* 369 U.S. 506, 516 (1962); *Keller v. State,* 75 Wis.2d 502, 508–9, 249 N.W.2d 773, [777] (1977).

The record in the case before us is devoid of any facts or circumstances surrounding the signing of the stipulation. We are unable to determine whether the defendant

was being detained by the police when he agreed to the polygraph. If he was in custody, the record does not reflect how long he was detained or under what conditions. We do not know whether the defendant received any *Miranda* warnings or that he was entitled to such warning. It is not clear whether the defendant was informed of the potential ramifications of his consent. Finally, we cannot find any express, unequivocal waiver of counsel by the defendant. In light of the foregoing, we cannot agree that defendant here waived his right to counsel before signing the stipulation.

This court is also concerned with the fact that at the time of the stipulation and supposed waiver of counsel, the defendant appears to have been merely a suspect. Our concern is with the potential for abuse that might exist under such facts. Therefore, we think it is the better rule, and in the best interests of a fair and impartial system of justice for a court to require counsel's participation before allowing a suspect to enter into a stipulation to take a polygraph examination. This is consistent with the *Stanislawski* conditions which were established to ensure that a polygraph examination is undertaken voluntarily, that the defendant submits to the examination with knowledge of the procedure, its limitations and potential ramifications, and that the results are not used as a substitute for evidence establishing the elements of the crime charged. *Mendoza, supra* at 160, 258 N.W.2d at 276–7, *Stanislawski, supra* at 742–3, 216 N.W.2d 8.

The stay of proceedings previously ordered by this court on April 12, 1979 is hereby dissolved.

*By the Court.*—Order affirmed. Stay dissolved.