STATE of Wisconsin, Plaintiff-Respondent,

v.

Arvid E. DEAN, Defendant-Appellant.†

Court of Appeals

*No. 79–1257–CR. Argued March 28, 1980.—
Decided June 24, 1980.*
(Also reported in 295 N.W.2d 23.)

† Petition for review granted.

For the appellant there were briefs by *Glenn L. Cushing*, assistant state public defender, and oral argument by *Mr. Cushing*.

For the respondent there was a brief by *Bronson C. La Follette*, attorney general, and *Thomas J. Balistreri*, assistant attorney general, and oral argument by *Mr. Balistreri*.

Before Voss, P.J., Brown and Bode, JJ.

BODE, J.   Defendant Arvid Dean was found guilty by a jury of unlawfully failing to return and remain at the scene of an accident contrary to sec. 346.67 (1), Stats. On appeal, he challenges the judgment of conviction on grounds that the information failed to vest subject matter jurisdiction in the trial court and that the court erred in admitting the results of a polygraph test which defendant stipulated to without benefit of counsel. Because we find that the admission of the polygraph results constituted reversible error, we need not address the validity of the information.

The criminal complaint charging the defendant was filed on June 27, 1978. On July 5, 1978, the defendant signed a polygraph stipulation form. Among other things, the form stated that the results of the test may be used at trial by the State or defendant "subject to limitations set forth in *State v. Stanislawski,* 62 Wis.2d 730, 216 N.W.2d 8 or the Rules of Evidence . . . ."

At trial, the polygrapher testified that before he administered the test on August 1, 1978, he informed the defendant that he did not have to take it if he did not so desire. The polygrapher also read to the defendant a form entitled POLYGRAPH EXAMINATION STATEMENT OF CONSENT. That form indicates the defendant was informed of his *Miranda*[1] rights and that he did not wish to consult with an attorney. The form further indicates that the defendant did want to make a statement without an attorney present and that he took the test understanding he had a right to refuse. Defendant signed this form and was given the test.

On August 28, 1978, an order appointing counsel for defendant was filed in the trial court. At trial, defendant's counsel objected to the admission of any testimony concerning the polygraph test on grounds that the stipulation was signed without benefit of counsel. The objection was overruled, and the polygraph results were received into evidence.

Expert testimony concerning polygraph testing is inadmissible absent compliance with the conditions set forth in *State v. Stanislawski,* 62 Wis.2d 730, 742–43, 216 N.W.2d 8, 14 (1974). The first of these conditions requires "[t]hat the district attorney, defendant and his counsel all sign a written stipulation . . . ." Since the defendant here was not represented by counsel, the first condition was obviously not met.

---

[1] *Miranda v. Arizona,* 384 U.S. 436 (1966).

The first *Stanislawski* condition has been strictly construed by our supreme court. *Turner v. State,* 76 Wis.2d 1, 25, 250 N.W.2d 706, 718 (1977). Strict compliance with *Stanislawski* has been deemed necessary because of the unreliable nature of polygraph testing and the subjectivity involved in the interpretation of test results. *McLemore v. State,* 87 Wis.2d 739, 751, 275 N.W.2d 692, 697 (1979); *State v. Mendoza,* 80 Wis.2d 122, 161, 258 N.W.2d 260, 277 (1977).

The dispositive issues in the instant case are whether a defendant may effectively waive counsel and still sign a valid stipulation; and secondly, if so, what constitutes a valid waiver of counsel.

The recent case of *State v. Craft,* 93 Wis.2d 55, 286 N.W.2d 619 (Ct. App. 1979), dealt with the validity of a polygraph stipulation signed by a defendant without counsel. The admission of the polygraph results was held to be error where a defendant is not represented by counsel. Although this court in *Craft* found no evidence of a valid waiver of counsel,[2] defendant contends that our decision created a per se rule mandating appointment of counsel before a valid stipulation may be entered into. Defendant claims the following language in *Craft* may be construed as advocating the adoption of such a rule:

Given the above, we feel that a defendant or suspect must be represented, and his counsel must join with the defendant and the prosecutor in signing the stipulation for the admission of polygraph testimony into evidence at a subsequent trial. This will ensure an intelligent decision on the part of an individual confronted with a decision requiring knowledge of facts not within the realm of ordinary experience. *Craft, supra,* at 61, 286 N.W.2d at 621.

In addition, this court concluded: "[W]e think it is the better rule, and in the best interests of a fair and im-

---

[2] *State v. Craft,* 93 Wis.2d 55, 62, 286 N.W.2d 619, 622 (Ct. App. 1979).

partial system of justice for a court to require counsel's participation before allowing a suspect to enter into a stipulation to take a polygraph examination." *Craft, supra,* at 62, 286 N.W.2d at 622.

Although the above language might suggest support of a per se rule requiring counsel prior to a polygraph stipulation, such a rule would pose serious constitutional problems. The right of a defendant to voluntarily and intelligently proceed without counsel is guaranteed by the sixth and fourteenth amendments to the United States Constitution. *Faretta v. California,* 422 U.S. 806 (1975) ; *Moore v. State,* 83 Wis.2d 285, 297, 265 N.W.2d 540, 544 (1978). A rule absolutely requiring counsel for purposes of a polygraph stipulation would thus deny a defendant *before trial* a right of self-representation that is guaranteed him at trial. In effect, therefore, a person choosing to proceed without counsel would be denied the same opportunity available to a represented defendant. We do not believe such unequal treatment can be justified under the fourteenth amendment, nor do we view the same as mandated by *Stanislawski* or *Craft.* The opportunity to stipulate to the admission of polygraph test results must be afforded all defendants, not just those with legal counsel. We hold, therefore, that a defendant may enter into a valid polygraph stipulation following an equally valid waiver of the right to counsel. Having so decided, we now reach the question of what is required to effectuate a valid waiver of counsel in such a situation.

As defendant points out, the decision to sign a polygraph stipulation is essentially a decision not to object to otherwise inadmissible evidence. Such a decision, therefore, is closely related to that of trial strategy in which representation by competent counsel is the norm. The very nature of polygraph testing and interpretation requires that any decision concerning a stipulation be

made intelligently. We, therefore, believe that a waiver of counsel prior to a polygraph stipulation should be subject to the same rules governing the waiver of counsel for trial.

■

Waiver of the right to counsel for trial must be definite, unequivocal and unconditional. *State v. Johnson,* 50 Wis.2d 280, 284, 184 N.W.2d 107, 109 (1971). Before waiver may be accepted, a defendant must be informed of the dangers and disadvantages of self-representation. *Faretta v. California, supra,* at 835. This is accomplished through what is known as a *Faretta*-type waiver hearing where the ramifications of a waiver of counsel are explained and the court makes a determination of whether a defendant knowingly and intelligently wishes to proceed pro se.

In the instant case, no such hearing was held. After being apprised of his *Miranda* rights, the defendant indicated he did not want counsel and signed the stipulation. Such a procedure clearly does not guarantee that the decision to stipulate was voluntarily and intelligently made. Because the decision was made out of court and before trial, there is no record of the waiver beyond the consent forms signed by the defendant. A signature on a form, in our opinion, does not suffice as a waiver of counsel for purposes of a polygraph stipulation. A waiver of counsel for trial cannot be presumed from a silent record. *Keller v. State,* 75 Wis.2d 502, 508–09, 249 N.W. 2d 773, 776–77 (1977). We see no reason why the standards concerning waiver should be relaxed where a polygraph stipulation is sought.

■

We conclude that before an unrepresented defendant stipulates to the admissibility of a polygraph test, a *Faretta* hearing must be held to determine if the waiver of counsel is made knowingly and voluntarily. In addi-

tion, a defendant should be informed that the reliability of polygraph evidence is suspect and that absent a stipulation, such evidence is inadmissible. If a defendant is so informed and the court determines his desire to waive counsel is intelligent and voluntary, a subsequent stipulation is valid.

In that no such hearing took place in this case, the judgment of conviction cannot stand. We, therefore, reverse the judgment and remand for a new trial if the State so desires.

*By the Court.*—Judgment reversed and remanded.