STATE of Wisconsin, Plaintiff-Appellant-Petitioner,

v.

Jake President CRAFT, Defendant-Respondent.

Supreme Court

*No. 79–512–CR. Argued October 29, 1980.—
Decided November 25, 1980.*

(Also reported in 298 N.W.2d 530.)

---

130

BEILFUSS, C.J.    This is a review of a decision of the court of appeals which affirmed an order of the Circuit Court for Milwaukee county, FREDERICK P. KESS- LER, Circuit Judge.

This controversy concerns the validity of an agreement entered into between Jake President Craft (defendant) and an assistant district attorney acting on behalf of the State.  The agreement purports to be a stipulation for the admission of polygraph evidence as required by our decision in *State v. Stanislawski*, 62 Wis.2d 730, 216 N.W.2d 8 (1974).

The State and the defendant agree to the essential facts which give rise to this review.  On or about Decem- ber 1, 1978, the Milwaukee Police Department received a report that the defendant had sexually assaulted an eleven-year-old girl.  On December 5, 1978, prior to his arrest and without the assistance of counsel, the State and the defendant entered into the stipulation referred to above.  Being unrepresented, it was not signed by de- fense counsel.  On December 7, 1978, after the polygraph exam had been conducted, criminal charges were issued against the defendant alleging the violation of the sexual assault statute, sec. 940.225(1)(d), Stats.  Counsel was thereafter appointed to assist the defendant.

The defense counsel filed a motion *in limine* seeking to exclude the results of the polygraph examination.  The trial court ruled that polygraph evidence is inadmissible under *State v. Stanislawski, supra,* in the absence of the

signature of defense counsel on the written stipulation. The results of the defendant's examination were therefore ruled to be inadmissible evidence for purposes of trial. The State took an immediate appeal, and the court of appeals affirmed the trial court's order. *See State v. Craft*, 93 Wis.2d 55, 286 N.W.2d 619 (Ct. App. 1979).

In reviewing this matter we must address the issue of whether the State and an unrepresented suspect, not yet charged with a crime, may enter into a valid agreement providing for the admission of polygraph evidence under the terms of *State v. Stanislawski, supra.*

In *State v. Stanislawski, supra,* this court removed the absolute ban on the admission of polygraph evidence which was first articulated forty-one years earlier in the case of *State v. Bohner*, 210 Wis. 651, 657, 246 N.W. 314 (1933). Under the rule of *Stanislawski*, evidence of a polygraph examination administered to a defendant is admissible when four conditions have been met. These conditions are:

"(1) That the *district attorney, defendant and his counsel all signed a written stipulation* providing for defendant's submission to the test and for the subsequent admission at trial of the graphs, and the examiner's opinion thereon on behalf of either defendant or the state.

"(2) That notwithstanding the stipulation the admissibility of the test results is subject to the discretion of the trial court, *i.e.*, if the trial judge is not convinced that the examiner is qualified or that the test was conducted under proper conditions he may refuse to accept such evidence.

"(3) That if the graphs and examiner's opinion are offered in evidence the opposing party shall have the right to cross-examine the examiner respecting:

"(a) the examiner's qualifications and training;

"(b) the conditions under which the test was administered;

"(c) the limitations of and possibilities for error in the technique of polygraphic interrogation; and

"(d) at the discretion of the trial court, any other matters deemed pertinent to the inquiry.

"(4) That if such evidence is admitted the trial judge should instruct the jury that the examiner's testimony does not tend to prove or disprove any element of the crime with which a defendant is charged but at most tends only to indicate whether at the time of the examination defendant was telling the truth. Further, the jury members should be instructed that it is for them to determine what corroborative weight and effect such testimony should be given." (Emphasis added.) 62 Wis. 2d at 742–43.

This court has been vigilant in the strict application of these requirements as safeguards against the improper use of polygraph evidence.[1]

The State and the defendant isolate the lack of the signature of defense counsel on the stipulation as the central focus of their arguments. The position of both parties turns on their application of *Pickens v. State,* 96 Wis.2d 549, 292 N.W.2d 601 (1980), and *Faretta v. California,* 422 U.S. 806 (1975), to this fact situation. The State argues that the defendant has a right to represent himself. It is claimed that it is a violation of the defendant's Sixth and Fourteenth Amendment right of self-representation to deny the defendant an opportunity to knowingly and willingly act in this case on his own without the assistance of counsel. The defendant's position, which was adopted by the court of appeals,[2] is that the decision to take a polygraph is essentially a trial strategy decision which in a non-constitutional sense requires the assistance of counsel. The defendant further claims that if this right to counsel is to be waived, a

[1] *See e.g., Pickens v. State,* 96 Wis.2d 549, 573, 292 N.W.2d 601 (1980); *State v. Streich,* 87 Wis.2d 209, 218–220, 274 N.W.2d 635 (1979); *Lhost v. State,* 85 Wis.2d 620, 632–49, 271 N.W.2d 121 (1978).

[2] *See State v. Craft,* 93 Wis.2d 55, 286 N.W.2d 619 (Ct. App. 1979). Questions have been raised about the meaning and application of the court of appeals' decision. In light of our treatment of the issue in this case, this matter need not be discussed.

*Pickens* or *Faretta-type* admonition should be given to the defendant by a judge warning him of the dangers of self-representation, including the problems involved in submitting to a polygraph.

We decline to accept either of these positions as the basis of our decision. It must be noted that this case does not involve a Sixth and Fourteenth Amendment right to counsel or right of self-representation. Such rights attach upon the commencement of a criminal action against an accused. *State v. Taylor,* 60 Wis.2d 506, 522–23, 210 N.W.2d 873 (1973). *See also Brewer v. Williams,* 430 U.S. 387, 398 (1977). No such prosecution had been initiated against the defendant until after he had submitted to the polygraph.

We are of the opinion that the resolution of this controversy is dependent on the nature of the *Stanislawski* agreement as one which can or cannot be made in the absence of an existing judicial proceeding. Unless the stipulation may be held to be valid in the absence of a pending criminal prosecution, the rule of *Stanislawski* will not apply to this case and the polygraph evidence must be held to be inadmissible.

The written accord contemplated by our decision in *State v. Stanislawski, supra,* has always been denominated as a "stipulation." As such, it is not an ordinary agreement governed exclusively by the law of contracts. "A stipulation is a contract, but it is a contract made in the course of judicial proceedings, and a contract so made has certain incidents that do not belong to contracts made outside of judicial proceedings." *Southern C. Co. v. Howard Cole & Co.,* 185 Wis. 469, 476, 201 N.W. 817 (1925).

There are essentially two types of stipulations. *Id.* at 476. The first and most common variety of stipulations concerns matters of trial procedure. The second cate-

gory consists of agreements which have the essential characteristics of a mutual contract and which are exemplified by stipulations in settlement of a legal dispute. *See e.g., Pasternak v. Pasternak,* 14 Wis.2d 38, 109 N.W.2d 511 (1961). The *Stanislawski* stipulation falls within the first category. It is essentially a waiver of an objection to evidence which would otherwise be inadmissible. *Lhost v. State,* 85 Wis.2d at 646. It is therefore an agreement concerning a matter of trial procedure.

The use of procedural stipulations has been limited by our case law. Such stipulations have vitality only within the context of the litigation for which they were entered into. *Paine v. Chicago & N. W. R. Co.,* 217 Wis. 601, 604–06, 258 N.W. 846 (1935). In the case of *Paine v. Chicago & N. W. R. Co.,* this court considered the legal effect of a stipulation as to ownership and value of a motor vehicle. In the first trial of this negligence action, the parties entered into a stipulation. After an appeal, a new trial was ordered and, in the course of the new trial, the defendant sought to bind the plaintiff by the stipulation previously agreed upon. Finding the agreement to be invalid for the purposes of the second trial, the court noted that procedural stipulations have reference only to matters *then pending* and not to future trials. *Id.* at 605, quoting *Weisbrod v. Chicago & N. W. R. Co.,* 20 Wis. *419, 441 (1866). The rule of the *Paine Case* applies by analogy to a situation where a procedural stipulation is agreed upon in the absence of any pending litigation. Such an agreement is defective and not binding on the parties.

The written agreement required by *Stanislawski* is a "stipulation." We conclude that such a *Stanislawski* stipulation is defective if made in the absence of a pending prosecution. Polygraph evidence should not constitute the central focus of a criminal trial. *Cf. State v. Mendoza,* 80 Wis.2d 122, 161, 258 N.W.2d 260 (1977). Es-

pecially in complex prosecutions where the investigatory stage prior to the filing of charges is protracted, the rule we fashion today will encourage the parties to develop "hard" evidence rather than encouraging reliance upon the polygraph to cure the shortcomings of their case. Additionally, the decision of the State and the defendant to enter into a *Stanislawski* stipulation should be made in light of the charges which have been filed. Both parties will be in a better position to evaluate the benefits and burdens of stipulating to polygraph evidence if required to do so after the criminal charge has been determined.

The stipulation entered into in this case was defective in that it was executed two days prior to the filing of charges. At that time the defendant was a mere suspect who, without a lawyer, was dealing with the district attorney. Under these facts we cannot say that the defect was merely formal and therefore it may not be overlooked.

The results of the polygraph examination and the opinion of the polygrapher must be held to be inadmissible at the trial of this defendant. The agreement entered into was not an affective stipulation and as such did not come within the rule of *State v. Stanislawski, supra.* Since the requirements of *Stanislawski* were not fulfilled, the general ban against the admission of polygraph evidence must apply.

Our decision in this case should not be interpreted as discouraging the use of polygraph examinations as a proper investigatory technique. We simply hold the results of an agreed-upon polygraph examination taken before the defendant has been arrested and charged are not admissible as evidence at trial.

*By the Court.*—The decision of the court of appeals is affirmed. The case is remanded to the trial court for further proceedings not inconsistent with this decision.