BARRY, Appellant, vs. KERN, Respondent.

*May 9—June 3, 1924.*

*Joint adventures: Partnership relation: Agreement as to gains and losses: Trusts: Accounting: Equity jurisdiction.*

1. There is little difference between a partnership and a joint adventure; the latter, as a rule, being more limited and confined in its scope to a single transaction. p. 268.
2. An arrangement whereby the parties agreed to the erection by defendant of a dwelling house on each of plaintiff's lots, with a view to their sale thereafter, each party to be reimbursed for his contribution, and each to be accountable to the other for his acts and to share equally in the balance of the net profits, involves both profits and losses and constitutes a joint adventure in the nature of a partnership. p. 270.
3. In such case the plaintiff held the lots in trust for the defendant, being amenable to a court of equity for an accounting, and subject to its direction as to a sale and a division of the profits. p. 270.
4. The plaintiff could not refuse to sell at a reasonable profit or indefinitely delay or postpone a sale of the property, and the defendant is entitled not only to an accounting but to the appointment of a receiver. p. 270.
5. A court of equity could, under the circumstances in this case, properly declare defendant's equitable interest in the lots, and could make such interest effective by lien or otherwise. p. 270.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

The appeal is from an order overruling plaintiff's demurrer to defendant's counterclaim.

The defendant claims a certain interest in two lots in the city of Milwaukee, of which plaintiff owns the record title, and in order to give notice to the public of his interest he filed an affidavit setting the same forth, in the office of the register of deeds of Milwaukee county. Plaintiff brings this action to clear her title from the claim of the defendant, and the defendant interposes an equitable counterclaim in which he alleges that the parties hereto entered into a con-

tract which contained in substance recitals and agreements as follows, to wit: A recital that plaintiff is the owner of the two lots mentioned; that the defendant is a carpenter contractor; that in consideration of mutual promises and of an equal division of the net profits derived from the sale of said lots after the erection and completion of a dwelling house upon each of said lots, the parties agreed as follows: defendant agreed to build and complete, with all due and reasonable speed, said two dwelling houses in accordance with plans to be agreed upon; to furnish plans and specifications; to furnish all materials and labor at cost; to superintend the construction and completion of the buildings, and to co-operate with the plaintiff in an effort to obtain a satisfactory purchaser or purchasers. The plaintiff agreed to execute a mortgage for $4,500 upon each of said lots, the proceeds whereof were to be devoted to the payment of the necessary cost of material and labor in the erection and construction of the buildings; that upon the sale of the property the plaintiff was first to receive the sum of $800 for each lot, as the agreed value thereof, with interest thereon; second, each party was to be reimbursed thereafter for the amount of cash advanced and used for the purpose of defraying any expenses connected with the erection and construction of said buildings, and that when all claims and demands of whatsoever nature and description incurred or arising out of the erection of such buildings should have been paid, the balance of the proceeds should be divided equally between the parties as net profits.

It is also alleged in the counterclaim that the defendant has fully performed the agreement on his part, and that he has advanced in cash, in order to defray the expenses, the sum of $404.43 for the building upon one of the lots, and the sum of $416.41 for the building upon the other lot; that the lots in question were readily salable, and that a sale could be easily made at a profit to the parties hereto, and that the plaintiff has refused to make sale of such premises;

that plaintiff has leased the premises to tenants, collected the rents and profits, and has refused to account to the defendant for any part of the same. Defendant prays for an accounting and for judgment awarding him his proper interest in the premises, and for such other and further relief as to the court may appear just and equitable.

The court having overruled the plaintiff's demurrer, an appeal to this court was taken. Further facts will be referred to in the opinion.

The cause was submitted for the appellant on the brief of *Aaron B. Rosenthal* of Milwaukee, and for the respondent on that of *Charles J. Weaver* of Milwaukee.

DOERFLER, J. The defendant claims that under the contract the parties were engaged in a joint adventure. Plaintiff contends that the contract merely created the relationship of principal and agent, or master and servant, and not a joint adventure.

Essentially there is little difference between a partnership and a joint adventure, the latter, as a rule, being more limited and confined in its scope principally to a single transaction. Under the contract the plaintiff furnished the naked real estate. The defendant agreed to furnish first his experience and ability as a general contractor; second, plans and specifications; third, his skill in the hiring of labor and the purchasing of material; fourth, the supervision of the construction of the building. Further, it was contemplated by the contract that it would be necessary for either party to furnish cash with which to defray necessary expenses in the event that the proceeds of the two mortgages would not be sufficient to meet that end.

Defendant complied with all of the agreements on his part. His labor, his experience and ability as a contractor, and his time went into and were consumed by these buildings, which substantially enhanced the value of the real estate of which the plaintiff held the record title. In addition

to this, he advanced in excess of $800 to defray expenses of labor and material, all of which was consumed by the buildings. It was expressly agreed that for his efforts the defendant was to receive no compensation. Practically everything done in the enterprise was subject to the mutual consent and approval of both of the parties. Upon the termination of the agreement by the sale of the property the parties were to be rewarded for their contributions and efforts equally, by an equal division of the net profits. Such an arrangement, if it related to a continuous business and if it contemplated numerous transactions, would clearly constitute a partnership. Being confined to one transaction, it comes in the class of joint adventures. Clearly the relationship of principal and agent, or master and servant, did not result. The defendant had a voice, under the terms of the contract, in the selection of proper plans and specifications; he was also entitled to recognition upon the sale of the property. He had the right to insist that the proceeds of the two mortgages be devoted to defraying the expenditures, and that no part thereof be diverted for purposes other than the erection of the buildings. The defendant was obliged to procure the necessary labor and material at the lowest cost reasonably obtainable, and for the discharge of such obligation he was accountable to the plaintiff. In other words, each party was accountable to the other for his or her acts in carrying out this joint enterprise.

While the plaintiff holds the record title to the lots, and while she contributed the real estate as her share, the defendant's time, efforts, and cash were consumed by the buildings, which become a part of the real estate. The parties were not only jointly interested in the profits but there was also an assumption of risk with respect to losses. The first claim upon the property is represented by the mortgages. Under the agreement the plaintiff was to be paid in full a stipulated sum as the agreed value of the real estate, and the payment of such sum was prior even to any right

of the defendant for reimbursement for cash advanced by him. If upon a sale the property realized no more than the amount of the mortgages, plus the agreed value of the naked real estate, the defendant would lose his cash advanced and his efforts and labor. On the other hand, if a sufficient amount were realized which would cover solely the mortgages, the agreed value of the lots, and the cash advanced by the defendant, the defendant would lose the value of his efforts and his labor. So that the argument of plaintiff's counsel that the defendant did not assume any of the losses is not maintainable. The transaction involved both profits and losses. It involved mutual contributions. It was therefore an enterprise in the nature of a partnership, but so limited in its extent as to bring it within the category of a joint enterprise. Upon a foreclosure of the mortgage the defendant would have a right to be impleaded as a party defendant, so that his interests might be determined and protected. Under the very terms of the agreement plaintiff could not maintain an arbitrary position by refusing to sell at a reasonable profit, nor could she indefinitely delay or postpone a sale. The defendant's rights were such as a court of equity would take cognizance of and protect. The defendant was not only entitled to an accounting but to the appointment of a receiver. Plaintiff held title to this property in trust for her associate, and as trustee she was amenable to a court of equity for an accounting and was subject to its direction with respect to a sale and a division of the proceeds. 15 Ruling Case Law, p. 504, § 6. Having an interest in the property, a court of equity, under the facts and circumstances of this case, can properly declare such interest and make it effective by lien or otherwise. A clearer case of joint adventure can hardly be conceived. The court therefore properly overruled the demurrer.

*By the Court.*—The order of the lower court is affirmed, and the cause is remanded with directions for further proceedings according to law.