ESTATE OF WEEK: WEEK, Appellant, vs. FINCH, Administrator, Respondent.

*February 12—March 10, 1931.*

For the appellant there were briefs by *Carpenter & Jenkins* of Stevens Point, attorneys, and *Fred B. Morrill* of Spokane, Washington, of counsel, and oral argument by *Mr. L. N. Carpenter* and *Mr. Morrill.*

*W. E. Atwell* of Stevens Point, for the respondent.

FOWLER, J. It is conceded that the parties were joint adventurers. Their respective rights are as fixed by that relation. Joint adventurers may of course by contract fix their rights as they choose, and when a contract is made their rights are as fixed by it. The appellant claims that the deceased agreed that he would compensate him for the time and service that he devoted to the adventure in excess of the time and service the deceased gave to it, and that he is entitled to recover from the deceased's estate $25,000 as the reasonable value of such excess. The county court found that the deceased did not so agree.

The evidence relied on to show the agreement claimed is that the removal of the deceased to Los Angeles rendered him unable to devote time to the enterprise; that the claimant carried the adventure to consummation and devoted time thereto for fourteen or fifteen years longer than deceased; that the deceased expressed to a son of claimant a sense of obligation and that claimant was entitled to something when the property was sold; that deceased told one Welsby that he and claimant had an understanding that claimant would be compensated for his services and that deceased was going to offer claimant $3,500; and that at one time in order to consummate pending negotiations for a sale the deceased offered to take $10,000 less than claimant for his share of the proposed sale price. Such weight as this evidence might otherwise have is materially lessened by the following facts: The claimant was not devoting his whole time to the enterprise after the deceased moved from Spokane; both parties were wealthy, and claimant's work, with exception of procuring a comparatively few deeds of easements, was in employing others to make soundings, estimates, plans, and the like, and in endeavoring to interest prospective purchasers; the claimant did not press his claim during the lifetime of the deceased, who lived six years lacking two months after the closing of the sale and the receipt of the purchase price, and made no claim until after the sale was consummated, when he wrote deceased stating that because of deceased's interference he (claimant) was compelled to take $25,000 less than he would otherwise have procured; that "in equity, fairness, and justice" the deceased should be willing to accept one half of $150,000 instead of one half of the $200,000 sale price because he had at one time wanted to sell for $150,000, and summarizing his services in a statement of his "Earned Claims," concluding with:

"For all this work of twenty years of faithful service to your interest, I should be entitled to a fair recompense. For

this labor together with the amount of loss through change of price by you, I feel you should make good and pay me at least $25,000 as a fair settlement."

Neither the letter nor the statement makes any reference to an agreement as now claimed, and both plainly go upon the hypothesis that the deceased was obligated to pay the claimant for time spent and work done in promoting the interests of the deceased, and particularly because the deceased forced a sale for $50,000 less than claimant believed he could have procured had deceased not interfered.

The relations of joint adventurers and their obligations and rights are practically the same as those of partners. *Barry v. Kern,* 184 Wis. 266, 199 N. W. 77; *Reinig v. Nelson,* 199 Wis. 482, 227 N. W. 14. In the absence of special agreement to the contrary a partner is not entitled to compensation for services rendered in conducting the partnership affairs no matter how much more time he may have given than the other or how much more valuable and effective his service may have been. This is so both by common law and statute. Sec. 123.15 (6), Stats. The rule is the same as between joint adventurers. 33 Corp. Jur. p. 860. The appellant claims that an agreement for compensation for excess of service by one joint adventurer may be implied from circumstances as well as proved by direct and positive testimony. But even so the circumstances must show that such agreement was actually made. Here the evidence does not show and the statement of claimant's claim when first made negatives such an agreement. The finding of the county court is amply supported.

*By the Court.*—The judgment is affirmed.

NELSON, J., took no part.