PAINE, Administrator, Respondent, vs. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Appellant.

*January 9—April 2, 1935.*

*J. F. Baker* and *J. E. Krueger,* both of Milwaukee, for the appellant.

For the respondent there was a brief by *Francis W. Rausch,* attorney, and *McGovern, Curtis & Devos* of counsel, all of Milwaukee, and oral argument by *Mr. Rausch.*

The following opinion was filed February 5, 1935:

WICKHEM, J. This action was before the court in the case of *Paine v. Chicago & N. W. R. Co.* 208 Wis. 423, 243 N. W. 205, and 208 Wis. 430, 243 N. W. 207. Nellie F. Paine and her husband were both in the car at the time of the accident and both were killed Actions were commenced on November 11, 1929, by Tracy L. Paine, as the administrator, respectively, of the estate of Nellie F. Paine and Charles L. Paine. The actions were tried together and plaintiff was nonsuited in each case. Upon appeal to this court judgment was affirmed in the *Charles L. Paine Case,* but reversed in the *Nellie F. Paine Case,* and the cause remanded for a new trial. It was considered that the evidence clearly demonstrated that whoever was driving the car was guilty of negligence. In the *Charles L. Paine Case,* since it appeared from the record that he was the owner of the car, it was held that his administrator could not recover for his death upon any assumption; that if he was driving he was guilty of negligence; and that since he owned the car and whoever was driving, if some one other than himself, was presumably his agent, the negligence of the driver would be imputed to him. In the *Nellie F. Paine Case* it was held that since the record

indicated that Charles L. Paine was the owner of the car, and since it did not appear who was driving, Nellie F. Paine's negligence presented a jury question. In other words, it was for the jury to say whether she was a guest, and, if she was, whether her conduct measured up to the standard of due care.

It will not be necessary to restate the facts, which are fully reviewed in the *Charles L. Paine Case,* heretofore cited. Upon *remittitur* the *Nellie F. Paine Case* was tried for the second time in February, 1933. This trial resulted in a defective verdict and an order granting a new trial to plaintiff. The case went to trial for the third time in November, 1933. At the time of the first trial of this action, the following incidents alleged to constitute a stipulation took place:

"Mr. Rausch: To shorten the trial—to eliminate the necessity of offering proof on certain points, Mr. Baker and I have agreed to stipulate that if we are entitled to recover for damage to the automobile that that should be allowed at $250.00; *that it belonged to Charles L. Paine.*

"Mr. Baker: I don't know about the ownership of it."

Other matters were added to the stipulation having to do with the value of the clothing of the deceased, funeral bill, and the presence of a wigwag equipment at the intersection where the accident took place. At the time of the third trial, defendant, before the jury was sworn, moved to be relieved of the effects of this stipulation. The motion was denied. Thereafter the trial court took the view that the stipulation could be admitted into evidence, and that it made out a *prima facie* case of driving by Charles L. Paine. The court also admitted defendant's documentary evidence of ownership jointly in husband and wife, but refused to submit the question of ownership to the jury on the ground that it was not an ultimate issuable fact, and that the sole issuable fact related to the identity of the driver.

The foregoing statement indicates the nature of the first question involved in this appeal. Defendant offered undis-

putable documentary proof that the car in question was jointly owned by the husband and wife. In addition, it is undisputed that the wife frequently drove when the husband was in the car, and that he frequently drove when she was in the car. It is beyond question that the parties had gone together to a card party and were returning home at the time of the accident. These facts bring the case squarely within the doctrine of *Archer v. Chicago, M., St. P. & P. R. Co.* 215 Wis. 509, 255 N. W. 67, in which it was held that under such circumstances there is a joint adventure and a mutual agency requiring that the negligence of the driver be imputed to the co-owner.

Plaintiff contends that the stipulation made at the first trial is binding upon subsequent trials until relieved against by the court; that the *Charles L. Paine Case* was disposed of by this court on the basis of the facts set forth in the stipulation; that defendant secured a dismissal of the *Charles L. Paine Case* on the basis of the stipulation, and having received these benefits, may not now fairly ask to be relieved.

It is also contended that since under sec. 269.46, Stats., relief from a stipulation must come within one year, and since the stipulation had been entered more than a year before the trial, the court was without jurisdiction to relieve defendant.

It is recognized in the cases that there are two types of stipulations: First, those relating to merely procedural matters, and, second, those which have all the essential characteristics of a mutual contract. *Southern C. Co. v. Howard Cole & Co.* 185 Wis. 469, 201 N. W. 817; *Weisbrod v. Chicago & N. W. R. Co.* 20 Wis. *419, 441; *Illinois Steel Co. v. Warras,* 141 Wis. 119, 123 N. W. 656. In the *Weisbrod Case* an admission upon a former trial by the attorney for the defendant, as to the amount of damages sustained by plaintiff, was introduced as an admission in a subsequent trial. This court said:

"Such admissions are frequently made for the purpose of saving time, where counsel are confident of success upon

some other point; and when so made, they are always understood to have reference to the trial then pending, and not as stipulations which shall bind at any future trial."

This constitutes a precise description of the stipulation here involved, and governs the case. It is plain that the stipulation was nothing more than a series of admissions made by defendant's counsel for the purpose of shortening the trial and motivated by the fact that counsel, to use the words of the *Weisbrod Case,* was "confident of success upon some other point." The statement of defendant's counsel that he knew nothing about the ownership of the car indicates simply an intention not to contest the question of ownership, rather than an intent to admit the ownership as a fact. This appeal does not present the question of relieving against such a stipulation. If it did, there would be serious question whether the court had any jurisdiction to relieve. The contention that plaintiff was prejudiced, and defendant benefited, by reason of the dismissal of the *Charles L. Paine Case* upon the fact assumption made in such stipulation, is likewise immaterial, and it may be added that apart from this contention is erroneous in fact. The defendant received no benefits from the stipulation. It is true that this court assumed from the record that Charles L. Paine was the owner of the car, and that if he was the owner he was not entitled to recover, not because from his ownership he was presumed to have been driving, but because, in view of his ownership, whoever was driving was presumed to be his agent. The true facts would in no way have handicapped the defendant or changed the legal aspects of the case in any respect, except to compel an affirmance of the *Nellie F. Paine Case.* However, all this is immaterial, since the question is not whether the court abused its discretion in failing to set aside the stipulation, but whether the stipulation had any binding effect for other than the first trial of the case. In view of our conclusion as to the nature of the stipulation, this question must receive a negative answer under the doctrine of the *Weisbrod Case.* The docu-

mentary evidence of joint ownership and other evidence heretofore referred to clearly put into operation the doctrine of the *Archer Case,* which had not been announced at the time of the trial, and it follows that judgment must be reversed, and cause remanded with directions to dismiss the complaint.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on April 2, 1935.