EMERICH and others, Appellants, vs. BIGSBY, imp., Respondent.

*April 10—June 6, 1939.*

The cause was submitted for the appellants on the brief of *O'Melia & Kaye* of Rhinelander, and for the respondent on that of *Walter A. Graunke* of Wausau.

MARTIN, J. Appellants contend that the court erred:

(1) In finding as a matter of law that the plaintiff, Minnie Daniels, assumed the risk and therefore could not recover against the defendant, Bigsby, who was found negligent;

(2) In finding as a matter of law that the negligence of Julia Emerich was imputed to the plaintiff, Minnie Daniels, and that therefore she could not recover against the defendant, Bigsby;

(3) In dismissing the complaint of the plaintiff, Minnie Daniels, as against the defendant, Bigsby.

While both plaintiffs join in the appeal, the only errors assigned relate solely to the disposition of the case below as to the plaintiff, Minnie Daniels. The errors will be treated collectively. It should be noted that the mother, Minnie Daniels, made no claim for damages against her daughter

and coplaintiff, Julia Emerich. Her claim was against the defendant, Bigsby, and his insurance carrier. It appears without dispute that the plaintiffs, mother and daughter, were joint owners of the car which was being driven by the daughter when the accident occurred. Mrs. Daniels lived with her daughter, Julia Emerich, who lived in the city of Tomahawk, in Lincoln county, Wisconsin. At the time the accident occurred, they were returning to their home from the city of Appleton where they had been visiting relatives. The respondent, Bigsby, contends that in view of the negligence found by the jury on the part of Mrs. Emerich and the joint ownership of the car, the trip to Appleton to see relatives was a joint adventure because of which Mrs. Daniels cannot recover from the defendant, Bigsby.

In view of the jury findings, which are sustained by the evidence, the negligence of Mrs. Emerich, the driver of the car, as to speed, lookout, and control, must be accepted as a verity in considering the mother's right to recover against the defendant, Bigsby. We are of the view that the instant case is ruled by *Archer v. Chicago, M., St. P. & P. R. Co.* 215 Wis. 509, 255 N. W. 67, and *Paine v. Chicago & N. W. R. Co.* 217 Wis. 601, 258 N. W. 846. In the former case, the car was owned by the plaintiff and her husband jointly. They lived in Milwaukee. On the evening in question they had driven to West Allis to visit a married daughter. The accident occurred when they were returning to their home. The husband was driving; the plaintiff, his wife, was riding in the rear seat. Their car collided with a boxcar which was being backed across the street. The wife sustained injuries and brought suit against the railroad company, her husband, and the insurance carrier. The railroad company was found negligent in failing to give warning by swinging a lantern at the crossing prior to the collision. The defendant husband was found negligent with respect to management, control,

and lookout. Plaintiff was found not to have been contributorily negligent. From a judgment in favor of the plaintiff, the defendant railroad company and defendant husband appealed. The defendant railroad company contended that because of the relationship between plaintiff and her husband, his negligence was imputed to her, and he was her agent to operate the car. This contention was based upon the fact that plaintiff and her husband were joint owners of the car, and upon the occasion in question jointly interested, first, in visiting their daughter, and, immediately before the collision, in returning to their home. At page 512 the court said:

"In this case two circumstances are present which vitally affect the legal relations of the parties. The first is that the parties jointly owned the car, and the second is that they were engaged in an enterprise in which they were jointly interested. At the time of the accident each was exercising, so far as physically possible, joint ownership, possession, and control of the car. Obviously, both could not drive the car at once, and it was necessary that one of them assume this duty. On this occasion it happened that the husband drove. On others the wife had driven, and the evidence is that, considering their whole use of the car, neither knew which drove the most. It is evident that the selection of the driver was not based upon any important considerations, and simply constituted a surrender to the physical limitations heretofore referred to. Such a state of facts did not result in a host-guest relationship. It could not be true that as often as husband and wife relieved each other in driving upon a single trip, the person moving into the driver's seat would at once become the host and the other a guest, and that the relationship would be reversed upon each such change. It is impossible to escape the conclusion that the husband in this case was driving not only in the exercise of his right as a joint owner, but on behalf of his wife, who was also an owner and equally interested in the trip. *Under these circumstances* it is clear that plaintiff and defendant Archer [husband] were engaged in a joint enterprise, and that the negligence of Archer is imputed to his wife."

In *Paine v. Chicago & N. W. R. Co., supra,* the car in question was jointly owned by the husband and wife. It appeared that the wife frequently drove when the husband was in the car, and that he frequently drove when she was in the car. It appeared that the parties (husband and wife) had gone together to a card party and were returning home at the time of the accident. At page 604 the court said:

"These facts bring the case squarely within the doctrine of *Archer v. Chicago, M., St. P. & P. R. Co.* 215 Wis. 509, 255 N. W. 67, in which it was held that under such circumstances there is a joint adventure and a mutual agency requiring that the negligence of the driver be imputed to the co-owner."

In the instant case, there is no evidence that Mrs. Daniels ever drove the car, but we do not regard that fact as in any way affecting the rule announced in both the *Archer* and *Paine Cases, supra.* Assuming that the mother could not drive the car would seem to make the agency of the daughter in driving more apparent.

The conceded facts disclose:

(1) A joint ownership of the car;

(2) Parties engaged in an enterprise in which they were jointly interested;

(3) Causal negligence on the part of Mrs. Emerich, the driver of the car, which negligence was found to be eighty-five per cent of all the negligence which produced the accident; and

(4) A mutual agency requiring that the negligence of the driver be imputed to her mother and co-owner of the car.

It follows that Mrs. Daniels cannot recover in this action. The judgment must be affirmed.

*By the Court.*—Judgment affirmed.