EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY, Appellant, vs. PARKER, Respondent.*

*February 2—March 2, 1954.*

---

* Motion for rehearing denied, with $25 costs, on May 4, 1954.

For the appellant there were briefs by *McLeod & Donohue,* and oral argument by *Raymond R. Colwin,* all of Fond du Lac.

For the respondent there was a brief by *Benton, Bosser, Becker & Fulton,* and oral argument by *Franklin L. Nehs,* all of Appleton.

BROADFOOT, J. It is conceded that the parties were joint adventurers. A joint adventure is similar to a partnership but is usually confined in its scope to a single transaction. *Barry v. Kern,* 184 Wis. 266, 199 N. W. 77. A joint adventure is a voluntary relationship which is based wholly on contract. This contract need not be a formal one but may be implied from the acts, statements, and conduct of the parties. "Joint adventurers may of course by contract fix their rights as they choose, and when a contract is made their rights are as fixed by it." *Estate of Week,* 204 Wis. 178, 179, 235 N. W. 448.

No bill of exceptions containing the evidence presented at the trial is before us. In the absence of a bill of exceptions, if the findings sustain the judgment it must be affirmed. Finding number 8 by the trial court was as follows:

"That prior to the making of said payment by the plaintiff to the said Charles Hintz as aforesaid a full and final division of profits had been made and concluded by and between the said Chas. A. Green & Son and the defendant Lee H. Parker for and on account of their said agreement and venture."

In the absence of an express agreement the laws relating to partnerships apply to joint adventurers. *Reinig v. Nelson,* 199 Wis. 482, 227 N. W. 14.

"The general rule that an account stated is binding in the absence of fraud or mistake is applicable to accounts stated between partners, so that after partners have mutually stated and adjusted an account it will not be reopened except for fraud, mistake, or duress, but the account must have been agreed to or acquiesced in by the partners." 40 Am. Jur., Partnership, p. 376, sec. 352.

Green knew of the accident at the time of the settlement made with Parker. There is no claim made of fraud, mistake, or duress, and it must be assumed from the finding that this item was considered and embodied in the full and final division of profits and in the accounting that led thereto. We must assume also that their settlement was made pursuant to their contract, with which both parties were familiar, and was made in accordance therewith. Thus, Green could have no further claim against the defendant. The plaintiff's rights, if any, are by way of subrogation to the claim of Green. Green's claim had been liquidated by the full and complete settlement, and accordingly the plaintiff has no claim against the defendant.

*By the Court.*—Judgment affirmed.