In the Matter of the **ESTATE** of Homer D. CLARK, Deceased.

Inez E. CLARK, Lloyd W. Clark, Melvine L. Clark and Glenn D. Clark, Appellants,

v.

Hugh W. LUNDY, as Executor of the Estate of Homer D. Clark, Deceased, and Kenneth H. Clark, Appellees.

No. 54119.

Supreme Court of Iowa.

Nov. 10, 1970.

Alfred M. Pabst, Albia, for appellants.

H. S. Life, Oskaloosa, for appellees.

REES, Justice.

Appeal from order of trial court extending time of performance of a family settlement agreement in the form of a stipulation previously acquiesced in by all parties. Plaintiffs contend the entry of such order was in excess of authority of the court and we agree, and reverse and remand for entry of further orders.

Homer D. Clark died testate, a resident of Monroe County, Iowa, on March 20,

1967, and thereafter, on April 4, 1967, his last will and testament was admitted to probate, and Hugh W. Lundy, one of the defendants herein, who was nominated in said will, was appointed executor.

After directing the payment of his debts and funeral expenses and the expense of administration of his estate, the testator gave and bequeathed unto his wife, Inez E. Clark, who now survives at age 81, all of his personal property, and further devised and bequeathed unto his widow a one-third interest in value of his farm in Monroe County consisting of approximately 382 acres. He then directed that his son, Kenneth H. Clark, one of the defendants, "shall have the first refusal for the purchase of my farm, on the basis of $22,000.-00 for the entire farm, provided he makes arrangements to do so within one year from the date of my demise; otherwise, I direct my executor hereinafter named to sell said farmland without order of court to the highest bidder and divide the proceeds from the sale subject to the provisions of items I and II hereof." The items I and II referred to are those provisions in the will which provide for the payment of debts and also the payment to the widow of one-third interest in the value of the farm.

On March 4, 1968, the defendant Kenneth H. Clark filed in the probate proceedings then pending in Monroe County a notice of his intention to purchase the farm in accordance with the testamentary permission. Also on March 4, 1968, the plaintiffs filed objections to the sale of the real estate to Kenneth H. Clark by the executor, asserting the market value of the lands owned by the decedent is in excess of $60,000 and the value of the share inherited by plaintiff Inez E. Clark can and will exceed the sum of $22,000, and therefore there is a conflict under the fact situation between the various provisions of the decedent's will and that the provisions for the payment of one-third in value of his real estate to his widow are paramount and govern the disposition of the farmland to the end the provisions of the will providing the defendant Kenneth H. Clark may be permitted to purchase the same for the sum of $22,000 are therefore inoperative and void. The will provided in the event Kenneth H. Clark failed or refused to purchase the farm for $22,000 within one year, or to make arrangements for the purchase within one year from the testator's death, that the proceeds of the farm after its sale by the executor should be divided one-fourth to Kenneth H. Clark, one-fourth each to the plaintiffs Lloyd W. Clark, Melvine L. Clark and Glenn D. Clark, subject to the payment to the widow of the one-third interest in value of the real estate.

In their objections to the sale of the real estate by the executor to Kenneth H. Clark, plaintiffs allege defendant Kenneth H. Clark had a number of judgments against him of record in Monroe County approximating $4000 in amount, that the costs of sale of the farm to him would approximate $1000, and if he were required to finance the purchase of the farm he would be required to borrow approximately $27,000 to effectuate the same.

On February 28, 1968, in advance of the filing of notice of defendant's intention to purchase the farm, plaintiffs, being the widow and three sons of the decedent, filed in the probate proceedings a petition for construction of will, and on the same date the widow, Inez E. Clark, filed her election not to take under the terms of the will. Resistance to objections to the sale of real estate was filed by the defendant Kenneth H. Clark, as was a motion to strike the petition for construction of will.

On June 19, 1969, hearing was had before the Honorable Arthur A. McGivern, Judge of the District Court for Monroe County, all parties being present in open court with their respective counsel. A stipulation and agreement to "settle all matters which are in issue * * * and matters directly arising therefrom under the factual situation arising in connection with this estate" was dictated into the record by Judge McGivern. The stipula-

tion which was agreed to in open court by counsel for all parties, with all parties being personally present, provided that in the event the farm income received by the executor of the estate for the crop year ending March 1, 1968, and March 1, 1969, was insufficient to pay the crop expenses such as feed, insecticide, land taxes, insurance and normal and reasonable upkeep, that the deficiency should be paid by the defendant Kenneth H. Clark. It was further agreed a certain promissory note of the defendant Kenneth H. Clark running in favor of Homer D. Clark, dated April 29, 1966, in the principal amount of $800, would be paid by the defendant Kenneth H. Clark to the estate, without interest. It was further agreed the plaintiffs should withdraw their objections to the sale of the farm real estate, and the sale should proceed, and that the value of the lands for the purpose of determining the dower rights of the surviving widow was agreed to be $66,000, and that under the provisions of the will the price chargeable to the defendant Kenneth H. Clark should be $22,000. It was agreed the said dower right of the widow should be paid to her on or before September 6, 1969. The stipulation also provided defendant Kenneth H. Clark should be permitted to purchase the farm machinery inventoried as an asset of the estate for the sum of $1200, and that the purchase price thereof should be paid to the widow as proceeds of the sale of exempt property. The parties also stipulated the plaintiffs at that time withdrew without ruling their petition for the construction of the will of the decedent.

On August 20, 1969, the executor of the estate filed an application in the probate proceedings in which he referred to the stipulation dictated into the record by Judge McGivern, in which it was represented to the court that the defendant Kenneth H. Clark was at that time negotiating a loan with Farmers Home Administration and that the executor had been verbally advised that the loan would be made but that the time of closing of the same would be 30 to 45 days subsequent to the fifth day of September, 1969, the day prior to the date of settlement referred to in the stipulation of the parties, and that no funds would be available until some time between September 5 and October 20, 1969, and in which application it was prayed that the court order the extension of the time of performance of the stipulation to October 20, 1969. On the day following its filing, that is, August 21, 1969, an order was entered by Judge McGivern ex parte and without notice to the plaintiffs extending the time of compliance with the provisions of the stipulation requiring payment on September 6, 1969, to October 20, 1969.

On September 16, 1969, the plaintiffs filed their motion to set aside or review Judge McGivern's order. On September 19, Judge Charles Pettit entered an order fixing hearing on the motion to set aside or review and prescribing notice of hearing and subsequently resistance to the motion was filed by the defendants. Hearing was had pursuant to the order fixing time and a ruling with findings of fact and conclusions of law was filed in said matter on October 22. In its ruling the trial court extended the time for compliance with the arrangement and the time of payment under the original stipulation to December 5, 1969. From such order this appeal is taken.

■ Our consideration of the matter before us is de novo. Section 633.33, Code, 1966.

■ The plaintiffs rely upon but one proposition for reversal, namely, that the action of the trial court in its ruling and in its judgment extending the time for performance of the stipulation was in excess of the authority of the court when not agreed to by the plaintiffs where the stipulation of settlement was not performed by the defendants and such non-performance was not caused by the plaintiffs or any of them. We take note of the fact the plaintiffs by subscribing to the stipulation dictated into the record by the court, agreed to forego pursuing their objections to the

sale and not to pursue their petition for construction of will. The will does not require the son Kenneth to have completed the sale of the farm within one year from the death of testator, but directs "arrangements" to purchase the farm must be made within one year from the date of testator's demise. The stipulation was entered into between the parties openly, and we find no evidence of fraud, mistake, wrongdoing, misrepresentation, or evidence of any kind that the stipulation was not in accord with the intention of the parties, nor any evidence of any kind to show why it should be set aside or any evidence to indicate the operative dates of the stipulation should be extended by the court. The court did make a leavening provision in its order extending time, that is, by providing that the defendant Kenneth Clark would be required to pay interest at five percent on the $22,000 consideration to Inez Clark from and after September 6, 1969, until paid. The provisions of the testator's will are so interrelated one with the other that we must conclude the testator intended his wife to enter into the possession and enjoyment of her one-third in value of the farm within one year from his death, and the order of the court extending time for payment of the consideration for the farm to December 5, 1969, in the face of objections from the other parties to the stipulation was not a reasonable exercise of the court's authority and discretion.

In Bergman v. Bergman, 247 Iowa 98, 103, 73 N.W.2d 92, 95, this court said, "Stipulations and agreements of settlement are favored by courts where they are shown to be valid. The settlement of family controversies is encouraged and will not be disturbed for any ordinary mistake either of law or fact."

Stipulations and agreements of settlement are favored by the court and are valid and binding, and courts are ordinarily bound by and must enforce stipulations as to matters and facts which may be validly agreed upon but a court is not precluded from adopting findings of fact inferentially established though not specifically determined by a factual stipulation. Bartels v. Hennessey Brothers, Inc., Iowa, 164 N.W.2d 87, 91.

In determining whether to grant or deny an application of a party to be relieved from a stipulation entered into in the course of a judicial proceeding before it, the court is governed by considerations of the equities and justice of the case; not only must the party making the application show some good cause for seeking relief but it must appear the effect of the granting of the relief will be to promote justice and equity, and that prejudice will not result to the adverse party if relief is granted. Relief should not be granted against a stipulation where it would be partial in nature, and leave the party against whom it was granted bound thereby or by a part thereof, and at a disadvantage because of having changed his position or acted in reliance upon it. See 161 A.L.R. 1170 and cases there cited.

Courts are bound to enforce stipulations which parties may validly make where they are not unreasonable or against good morals or sound public policy, with certain exceptions, notably in domestic relations cases. Ordinarily they have no power to strike out stipulations on their own motion without consent of the parties or to abridge or amend such stipulations or modify or alter them in any material detail against objection of the parties or go beyond the terms thereof, or to make findings contrary to the terms of the stipulation or render a judgment not authorized by its terms. 83 C.J.S. Stipulations § 17, p. 38. In order to warrant a court in interfering to relieve a party from a stipulation there must be a showing of fraud, collusion, mistake, accident or surprise, otherwise the court would not be justified in setting it aside on less grounds than would justify the setting aside of any other contract. Bales v. Murray, 186 Iowa 649, 651, 171 N.W. 747, 748; Clayton County v. Thein, 204 Iowa 911, 914, 216 N.W. 276, 277;

Stern v. Ranier, 193 Iowa 665, 667, 187 N. W. 442, 443.

"Stipulations are of two kinds: First, some are mere admissions of fact, simply relieving a party from the inconvenience of making proof. * * * The setting aside thereof may place the parties in no worse position than they were when the stipulation was made. Second, those which have all the characteristics as concessions of some rights as a consideration for those secured. * * * Stipulations of the second class are entitled to all the sanctity of an ordinary contract, * * * and where the status quo cannot be re-established as to one of the parties, it is only in a plain case of fraud, mistake, or oppression that the court should set it aside." Thayer v. Federal Life Ins. Co., 217 Wis. 282, 258 N.W. 849, 850; Paine v. C. & N. W. Ry. Co., 217 Wis. 601, 258 N.W. 846, 848.

The defendants cite and the trial court in its ruling made reference to Mandelbaum v. Silberfeld, 60 N.Y.S.2d 130, 186 Misc. 244. In Mandelbaum, there was involved an appeal from an order of the city court of New York granting defendant's motion to permit her to make final payment under a stipulation of settlement. Plaintiff appealed, and the court affirmed by a per curiam opinion. In Mandelbaum, there had been a stetlement agreement with the amount of $1500 to be paid in three equal payments. The court held that the facts brought the case within the rule of Goldstein v. Goldsmith, 243 App.Div. 268, 276 N.Y.S. 861, and not within the rule of Yonkers Fur Dressing Co. v. Royal Insurance Company, 247 N.Y. 435, 160 N.E. 778. In Goldstein, there was involved an agreement between the parties designated as a stipulation which provided for the settlement of an action by payment of a specified amount in installments and gave plaintiff the right upon notice of default to have judgment entered. The court held this was not a fixed contract, but a stipulation over which the court retained control, and was therefore at liberty to act in conjunc-

tion therewith. We cannot conclude the Mandelbaum case is supportive of the defendants' position.

In the light of the foregoing, we conclude the trial court acted in excess of its authority in extending the time of performance of the stipulation between the parties. This case is therefore reversed and remanded for the entry of orders in the probate court in keeping herewith.

Reversed and remanded.

All Justices concur.