**IN THE COURT OF APPEALS OF IOWA**

No. 15-1943
Filed August 17, 2016

**IN THE MATTER OF Z.H.,**
**Alleged to be seriously**
**mentally impaired,**

**Z.H.,**
    Appellant.
_____

    Appeal from the Iowa District Court for Story County, Lawrence E. Jahn, Judge.

    Z.H. appeals from a district court order finding him seriously mentally impaired. **AFFIRMED.**

    Andrew J. Boettger of Hastings, Gartin & Boettger, L.L.P., Ames, for appellant.

    Thomas J. Miller, Attorney General, and Gretchen W. Kraemer, Assistant Attorney General, for appellee State.

    Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Z.H. appeals from the district court's order finding him to be seriously mentally impaired following a stipulation as such. He maintains there is not clear and convincing evidence to support the district court's finding.

**I. Background Facts and Proceedings**

On November 3, 2015, Z.H. was brought to a local emergency room after police conducted a welfare check. Z.H.'s former girlfriend had called the police reporting that Z.H. had been threatening suicide the previous few nights. Hospital staff filed an application and affidavit alleging serious mental impairment, pursuant to Iowa Code section 229.6 (2015). The application and affidavit stated that when the welfare check was conducted, Z.H. was found to have black powder on his right temple, and bottle rockets had been set off in the bathroom of the home. Moreover, Z.H. had failed to pay several bills, which may have resulted in services being shut off, and there was rotting food in the kitchen. Z.H. had seen medical professionals for depression in July, but he had refused to take medication.

The court issued an order for immediate custody, appointing counsel and a physician for Z.H. Z.H. was to be detained at the hospital until a hospitalization hearing could be held. Z.H. requested a lateral transfer to a Veterans Affairs (VA) hospital, and the court filed an amended order granting the request.

On November 9, a physician's report of examination was filed, which was completed by a doctor at the VA hospital. The report indicated that Z.H. was mentally ill, in that he was exhibiting symptoms of major depressive disorder. However, the doctor opined that Z.H.'s symptoms were not severe and his

"suicidal behavior leading to admission appears to have been staged and more representative of a lack of maturity than truly representing suicidal behavior." The doctor further opined that Z.H. was treatable and was capable of making responsible decisions regarding his treatment. The doctor did not believe Z.H. was likely to physically harm himself or others and did not believe hospitalization was necessary.

The same day, Z.H.'s attorney filed a written stipulation with the court. In it, the attorney stated that Z.H. had "expressed agreement" with the doctor's recommendation that he begin outpatient treatment. Z.H. waived his right to be present at a hearing to determine his impairment. The stipulation concluded, "[Z.H.] respectfully requests that the Court issue an order finding [Z.H.] to be seriously mentally impaired and ordering treatment in line with the recommendations of the attending physician."

The court then filed a findings of fact and order in which the court found Z.H. seriously mentally impaired and ordered Z.H. to participate in outpatient treatment at the VA hospital. The order stated that if Z.H. refused to submit to treatment, the court "may order that [Z.H.] be taken into immediate custody for further proceedings, which could result in [Z.H.] being placed in an in-patient facility."

Z.H. appeals.

## II. Standard of Review

Because an involuntary commitment proceeding is an ordinary action at law, we review challenges to the sufficiency of the evidence for errors at law. *In re J.P.*, 574 N.W.2d 340, 342 (Iowa 1998).

## III. Discussion

On appeal, Z.H. maintains the district court erred in finding him to be seriously mentally impaired, but he does not explain why the district court should not have relied upon his stipulation that he does suffer from a serious mental illness. He does not argue counsel was ineffective. *See In re J.H.*, No. 12-1133, 2013 WL 1760183, at *2–3 (Iowa Ct. App. Apr. 24, 2013). He notes that counsel was the only one who signed the stipulation, but he does not argue it was done against his wishes. Z.H. also does not argue that he was unable to make an adequately considered decision due to diminished capacity. *See* Iowa Code § 229.12(3)(b).

"Stipulations and agreements of settlements are favored by the court and are valid and binding, and courts are ordinarily bound by and must enforce stipulations . . . ." *In re Clark's Estate*, 181 N.W.2d 138, 142 (Iowa 1970). "Courts are bound to enforce stipulations which parties may validly make where they are not unreasonable or against good morals or sound public policy . . . ." *Id.* "In order to warrant a court in interfering to relieve a party from a stipulation there must be a showing of fraud, collusion, mistake, accident or surprise, otherwise the court would not be justified in setting it aside on less grounds than would justify the setting aside of any other contract." *Id.* Z.H. has not raised any issues concerning the validity of his stipulation that he was seriously mentally impaired. As such, we cannot say the district court erred in accepting it and relying upon it. We affirm the district court's finding of fact.

**AFFIRMED.**